R. S. McFARLIN, administrator, plaintiff in error, *vs.* WILLIAM J. RINGER *et al.*, defendants in error.

1. An administrator *de bonis non* can sue a creditor of an insolvent estate for the recovery of what may have been paid him by a former representative of the estate, beyond such creditor's *pro rata* share of the assets.

2. As it appears doubtful from the record what was the amount of assets in the hands of the present representative for the payment of debts, and the inventory returned by him showing, without further explanation than is contained in the evidence, that a larger credit should have been allowed the defendant below than the jury gave him, we do not think the court erred in granting a new trial; nor do we feel authorized under the evidence to order any specific amount to be remitted from the verdict.

Administrators and executors. New trial. Before Judge BUCHANAN. Troup Superior Court. November Term, 1873.

R. S. McFarlin, as administrator *de bonis non cum testamento annexo*, upon the estate of R. D. H. Tharp, deceased, filed his bill against William J. Ringer and Martha M. A. Tharp, making this case:

R. D. H. Tharp died testate in the year 1864, leaving an insolvent estate. His widow, the defendant, Martha M. A. Tharp, qualified as executrix, and took charge of the property. The land was divided into parcels and advertised to be sold on twelve months' time, the purchasers to give mortgages as security. The sale took place on January 2d, 1866. The home place was sold subject to the widow's dower. One tract containing seventy-five acres, more or less, was bid off by the defendant, William J. Ringer, the brother of the executrix, for the sum of $1,200 00. By the return of the proceedings had at this sale to the ordinary, the executrix sought to dis-

charge Ringer's indebtedness for the purchase money of said land, by crediting it on certain notes held by him against the estate. There were other creditors of higher dignity whose claims were sufficient to exhaust all the assets. On exception made to this return, it was disallowed, and the executrix required to give bond, and failing to comply, her letters were revoked and complainant was appointed administrator *de bonis*, etc. He has been authorized to sell all the perishable property and land belonging to the estate. The former executrix has no means which can be reached at law. Ringer will neither pay the purchase money nor deliver up the land bought by him, he having a deed from said executrix. This sale was but the result of a combination between the defendants, by which they sought to defraud creditors of a higher dignity. Processes of garnishment have been served on Ringer at the instance of several creditors, requiring him to answer what he is indebted to said estate. He has answered denying any indebtedness, and his answer has been traversed. This is one of the pretexts set up by him why he cannot come to any settlement with complainant.

Prays that the defendant Ringer may be required either to pay the aforesaid sum of $1,200 00 with interest thereon, or to deliver up the land.

To the bill was attached an exhibit showing that the estate was appraised, after it passed into the hands of complainant, at $4,580 12. In addition to this, an attorney's receipt for three notes due the estate : one dated April 2d, 1864, due on demand for $2,000 00; one dated March 31st, 1853, due December 25th thereafter for $25 00 ; one dated March 25th, 1858, due at ten days, for $25 00. Also an exhibit showing judgments against the estate to the amount of $4,776 84, (only one of which for $286 00 principal, and $20 86 interest to January 17th, 1862, with accruing interest, was obtained prior to the death of the testator,) and notes and accounts to the amount of $1,818 91.

The defendant Ringer, by his answer, admitted the allegations of the bill as to the sale of the land to him, but denied

McFarlin *vs.* Ringer *et al.*

all fraud and collusion ; says that prior to the service of processes of garnishment upon him, nothing had been said between the executrix and him as to crediting his bid upon his claim against the estate, but that then it became necessary that a settlement should be had in order that he might make correct answers as to his indebtedness to the estate, if any existed ; that this settlement resulted in demonstrating that the estate was indebted to him about $600 00 after allowing, as a credit on a note held by him, the amount of the purchase money to be paid for said land.   Denies that there are claims of a higher dignity sufficient to exhaust all the assets, and asserts that at the time of said accounting he confidently believed that said estate would pay at least two-thirds of its indebtedness.  Says that said settlement was made in good faith, and should not be set aside.

The answer of the defendant, Martha M. A. Tharp, simply corroborated that of her co-defendant, and shed no new light on the litigation.

The evidence disclosed that the complainant had paid out about $1,200 00 on the claims against the estate; that out of this amount was settled the only judgment obtained against the testator before his death, amounting to $286 00 principal, $20 86 interest to January 17th, 1862, and all accruing interest; that the balance was applied to the indebtedness which was represented by notes at the time of his death, but upon several of which judgments had since been obtained.   That claims amounting to $10,000 00 or $12,000 00 in notes have been presented to him ; that the estate is insolvent; that he has paid between twelve and fourteen cents on the dollar on notes ; that he had between $150 00 and $175 00 on hand after paying out the $1,200 00.   That Ringer's claims have never been presented to him, though he had inquired how the estate would be paid out as to notes and accounts.   That he knew Ringer claimed to have some debts against the estate.

In view of the verdict, the evidence as to the other issues presented by the bill and answers is omitted as immaterial.

McFarlin *vs.* Ringer *et al.*

The jury found for the complainant $981 60, with interest from the time the purchase money became due.

The defendant moved for a new trial upon the ground, among others, that the verdict was contrary to the evidence. The motion was granted, and complainant excepted and assigns error as follows :

1st. Because the verdict was not contrary to the evidence.

2d. Because, on the hearing of said motion, counsel for complainant asked that defendants' solicitors might be required to point out specifically in what amount the verdict was excessive, in order that the court, in deciding such motion, might allow to the complainant the privilege of writing off such excess.

B. H. BIGHAM ; SPEER & SPEER, for plaintiff in error.

B. H. HILL & SON ; W. O. TUGGLE, for defendants.

TRIPPE, Judge.

1. The estate of the testator, Tharp, is insolvent. The former representative is also insolvent. Mrs. Tharp was the executrix, and gave no bond, even when it was required of her, and was consequently removed. The complainant is the administrator *de bonis non,* and brought suit against Mrs. Tharp and the defendant, W. J. Ringer, for the purpose of recovering in behalf of other creditors, a large excess which it is claimed was paid by the executrix to Ringer as a creditor, over and above his proper share of the assets. If a creditor obtains from an insolvent representative of an insolvent estate more than his proportion of his debt, there is no other way to correct the wrong except by a suit against such creditor. This is more especially true if such creditor know that the estate is insolvent. If the executrix could respond for the *devastavit,* then a recovery against her would be sufficient. But if she and the estate are both insolvent, or if such creditor confederated with her to commit the waste, then the right

McFarlin *vs.* Ringer *et al.* .

exists against both.   This suit was against both, and so was the verdict.   If legacies have been paid, a creditor, after exhausting the assets in the hands of the executor, may proceed against each legatee for his *pro rata* share: Code, section 2467.   The same principle would require a creditor to refund the excess that may have been paid to him.

2.  A new trial was granted in the court below on the ground that the verdict was not sustained by the evidence.   We take it that the court was of opinion that the verdict was for too great an amount under the testimony.   We have looked closely through the long record in the case, embracing the returns of both representatives, and we cannot say that the court was so clearly wrong as to demand a reversal of his judgment.   It is difficult from the record to ascertain what was the real amount of assets in the hands of the present representative of the estate for distribution amongst creditors.   The greater that is, so much the greater would the defendant's (Ringer's) share be, and so much the more would he be allowed to retain.   This, of course, would affect the recovery against him. A calculation was submitted by counsel for plaintiff in error, showing the amount of assets and of debts, making about twelve cents in the dollar to be paid on the note debts.   If it be not more than this the verdict would seem to be about right.   But on looking to the returns made by the administrator *de bonis non,* there appears in the inventory a return of four hundred acres of land, appraised at $3,000 00, and several hundred dollars of claims or money received for rent.   These do not, so far as we can see, appear to have been accounted for in the calculation.   An item of $600 00 for resale of land taken back from young Mr. Tharp is given.   But that seems to have been a sale of two hundred acres.   We cannot tell from the record what disposition should be made of these.   If they were added to the calculation furnished us it would increase the amount of assets, and give the defendant a larger credit than the jury allowed.   We are not clearly satisfied what would be a correct amount, if any, to be written off the verdict, as we were urged to direct should be done, provided

this court thought it was too large.   We therefore determine to let the new trial stand.

Judgment affirmed.